JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-910 JVS (ANx) | Date | September 15, 2009 |
| Title | Reynaldo Marques v. Mortgageit, Inc. Marques v. Mortgageit, Inc., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)   Order Remanding Action

On August 7, 2007, defendant MTC Financial Inc. ("MTC") removed this case from the Superior Court for the State of California, County of Orange on the basis of federal question jurisdiction. On August 31, 2009, the Court issued an order to show cause why the action should not be remanded to state court for lack of jurisdiction.

MTC responds by arguing that the First Cause of Action, under Section 17200 of the California Business and Professions Code, raises substantial questions of federal law because it was based on a violation of the federal Truth in Lending Act ("TILA"). MTC attempts to distinguish Eastman v. Marine Mechanical Corp., 438 F.3d 544 (6th Cir. 2006), and Jairath v. Dyer, 154 F.3d 1280 (11th Cir. 1998), on the grounds that TILA provides for a private right of action, unlike the federal statutes at issue in Eastman and Jairath. MTC cites Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001 (9th Cir. 2008), for the proposition that there is federal jurisdiction for UCL claims based on TILA violations.

Silvas does not support MTC's argument. The Ninth Circuit did not consider whether there was federal question jurisdiction for a UCL claim based on TILA, and specifically noted that it has "allowed state causes of action based on TILA as an exercise of supplemental jurisdiction when there are valid federal claims under TILA. . . . [T]hat is not the case here." Id. (emphasis added). In this case, there are only state-law causes of action, so the Court lacks supplemental jurisdiction.

The Court, therefore, remands this action to state court for lack of jurisdiction.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |